IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EXELON GENERATION CO., LLC, <br> EXELON BUSINESS SVCS. CO., INC., <br> and COMMONWEALTH EDISON CO., <br><br> Plaintiffs, <br><br> vs. <br><br> LOCAL 15, INTERNATIONAL <br> BROTHERHOOD OF ELECTRICAL <br> WORKERS, AFL-CIO, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 07 C 968 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Exelon Generation Company, Exelon Business Services Company, and Commonwealth Edison Company (collectively the "Company" or "Exelon") have sued Local 15 of the International Brotherhood of Electrical Workers, AFL-CIO (the "Union"), seeking a declaratory judgment that a dispute over changes in medical benefits for retirees is not subject to arbitration under the Company's collective bargaining agreement ("CBA") with the Union. The Union has moved to dismiss the Company's complaint for failure to state a claim. For the reasons stated below, the Court denies the Union's motion.

### Facts

The Company and the Union have engaged in collective bargaining for over fifty years. On March 30, 1995, they agreed on a supplement to their CBA to provide medical

benefits for future retirees of the Company. On January 1, 2004, Exelon increased the required medical contributions for retirees. In September 2005, the Union filed a grievance, claiming that the Company's action violated the CBA. Through late 2005 and early 2006, the Company and Union completed several steps in the grievance process, with the Company eventually denying the grievance. The Union then sought arbitration, and the Company participated in selecting an arbitrator and a hearing date. During this process, the Company did not contest the arbitrability of the grievance.

On February 20, 2007, the Company filed this suit, seeking a declaratory judgment that the Union could not pursue arbitration over current retirees' health benefits because it does not represent the retirees and because they are not eligible grievants. The Union has moved to dismiss for failure to state a claim, arguing that the dispute is subject to arbitration and that it has standing to represent the retirees.

**Discussion**

The Company will prevail in this case either if the dispute is not subject to arbitration under the CBA or if the Union cannot properly represent the retirees. Exelon is not, however, required to prove its case in its complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Co. v. Twombley,* 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Because the Company's complaint states a viable legal claim that the Union lacks the authority to represent the retirees, the Court need not deal with the other issues addressed by the parties.

Relying largely on decisions by the Sixth Circuit, the Union argues that because it negotiated the retiree health benefits as a supplement to the CBA, and because the CBA's arbitration provision is broad in scope, it has standing to pursue arbitration over the changes to retiree health benefits. Controlling authority in this Circuit, however, holds that "retirees are not 'employees' . . . included in [a union's] bargaining unit . . . [even] where an employer modifies benefits that were originally established through collective bargaining." *Rossetto v. Pabst Brewing Co.,* 128 F.3d 538, 540 (7th Cir. 1997). Because retirees are not part of the bargaining unit for whom "the union is the exclusive bargaining representative," the Union does not have the "power to negotiate with management" on retirees' behalf. *Id.* at 539. Rather, claims for benefits in a dispute like this one "belong to the retirees individually." *Id.*

For this reason, courts require a union to obtain retirees' consent before it may pursue a claim on their behalf. *See Rossetto,* 128 F.3d at 541; *see also, United Steelworkers of America, AFL-CIO v. Cooper Tire & Rubber Co.,* 474 F.3d 271, 283 (6th Cir. 2007); *Cleveland Electric Illuminating Co. v. Utility Workers, Local 270,* 440 F.3d 809, 818 (6th Cir. 2006). In the Seventh Circuit, a union "does not have any right to represent the retirees . . . unless each of the retirees assents to [the union's] representation." *Rossetto,* 128 F.3d at 541. Because the Company alleges in its complaint that the Union lacked and lacks such consent, it has stated a viable legal claim for the declaratory judgment that it seeks.

The Union argues that throughout the grievance process, the Company dealt directly with the Union and thus has waived or forfeited the argument that the Union cannot properly represent the retirees. This contention, however, relies on evidence

3

outside the Company's complaint that is not appropriately considered on a Rule 12(b)(6) motion, which must be determined based on the complaint and documents attached to the complaint or referred to within it. If the Union wishes to pursue that contention at this early stage of the case, it will be required to move for summary judgment.

**Conclusion**

For the reasons stated above, the Court denies defendant's motion to dismiss [docket no. 13]. The Union is directed to answer the complaint on or before July 17, 2007. The case remains set for a status hearing on July 19, 2007 at 9:30 a.m. for the purpose of setting a discovery schedule.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 9, 2007